UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS SCHMIDT, et al.,<br><br>            Plaintiff,<br><br>    v.<br><br>AMERICAN COMMERCE<br>INSURANCE COMPANY, et al.,<br><br>            Defendant. | CASE NO. C11-1457 MJP<br><br>ORDER ON MOTION TO REMAND |

The Court, having received and reviewed:

1. Plaintiffs' Motion to Remand (Dkt. No. 9)
2. Defendants' Opposition to Plaintiffs' Motion to Remand (Dkt. No. 14)
3. Plaintiffs' Reply in Support of Motion to Remand (Dkt. No. 19)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED the motion to remand is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to strike is VACATED as moot.

IT IS FURTHER ORDERED that Defendants' motion (Dkt. No. 6) to dismiss is DISMISSED without prejudice to re-file in state court upon remand.

**Background**

Plaintiffs are firefighters who lost their Vashon home in a fire. The home was insured by Defendant American Commerce Insurance Company (ACIC) and the claim investigation has been especially contentious. The facts (as alleged in the complaint; Dkt. No. 4[1]) are as follows:

The lawyer appointed to handle the investigation of Plaintiffs' claim (who is Defendant's attorney in this action) is not a regular claim representative of Defendant's, but is a Portland attorney whose practice "focuses on both the investigation and litigation of Special Investigative Unit claims and first party property damage claims, including arson and fraud." Complaint, ¶ 7. In response to Defendant's requests, Plaintiffs have provided "hundreds and hundreds" of documents -- tax returns, credit card statements, phone records, credit reports, etc – and agreed to provide further financial information, in addition to permitting photographs to be taken of their safe deposit boxes. Both voluntarily submitted to examinations under oath (EUO's) on December 29, 2010. ¶ 10. Defendant initially refused a request to provide Plaintiffs with transcripts of those EUO's, saying that the company was not required to provide them unless a second EUO was scheduled. ¶ 19. A second EUO has been requested and Defendant still refuses to provide the transcripts. ¶ 20.

Samples of debris have been removed from the home (both unilaterally and with permission). ¶ 12. Defendant's counsel requested access to Plaintiffs' home computers –

---

[1] Defendant moves to strike large portions of factual allegations from Plaintiff's opening brief. In construing the facts as relevant to the motion to remand, the Court has relied exclusively on the face of the complaint. The motion to strike will be vacated as moot. See "Motion to Strike" section infra.

Plaintiffs offered to have an independent computer expert clone the hard drives and search for material requested by Defendant, but that proposed compromise was rejected. ¶¶ 17-18.

Plaintiffs allege that, despite the fact that the portion of their claim concerning their lienholders should be exempt from any potential fraud/arson defenses, Defendant has refused to pay it, necessitating them to continue mortgage payments on a structure which no longer exists. ¶¶ 21-22. The complaint represents that Defendant's counsel has taken the position that arson is a defense even to the secured party portion of Plaintiffs' claim. ¶ 24.

Plaintiffs' complaint seeks declaratory relief on the issues of their requests for transcripts and Defendant's request to access their personal computers, and a declaration that Defendant's refusal to pay the lienholder portion of their claims represents a breach of contract. Complaint, p. 9.

Plaintiffs filed their complaint on August 19, 2011; Defendant timely removed on September 2, 2011. Following removal, Defendant filed a motion to dismiss on September 12, 2011, with Plaintiffs filing this motion on September 22, 2011.

**Discussion/Analysis**

Remand

The Court assumes, for purposes of this motion, that there is no dispute that the matter was properly removed.[2] There also appears to be no disagreement that the suit involves only issues of state insurance law.

The Declaratory Judgment Act (DJA) couches the federal court's jurisdiction over requests for such relief in discretionary terms:

---

[2] Plaintiffs raised an untimely argument (in a footnote in their reply brief) that the amount in controversy is disputed. Reply, p. 2, fn. 2. The Court will not consider an argument raised for the first time in a reply brief.

> [A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration…

28 U.S.C. § 2201 (emphasis supplied).

There is case law that, when a state law action which is solely concerned with declaratory relief has been removed, it is within the discretion of the federal court to decline to entertain the lawsuit. <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494-95 (1942); <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995). An order of remand based on this Court's discretion under the DJA is immediately reviewable for abuse of discretion (<u>Huth v. Hartford Ins. Co. of the Midwest</u>, 298 F.3d 800, 802 (9th Cir. 2002), and "the district court must make a sufficient record of its reasoning to enable appropriate appellate review." <u>GEICO v. Dizol</u>, 133 F.3d 1220, 1225 (9th Cir. 1998).

Case law has developed a lengthy list of factors to guide the decision of whether or not to remand under these circumstances; those which are relevant here include:

1. Whether all the parties' claims can be adjudicated in state court
2. Whether the necessary parties have been joined in state court
3. Whether the necessary parties are subject to process

(<u>Brillhart</u>, 316 U.S. at 495)

4. Avoidance of "needless determination of state law issues"
5. Issues of forum shopping
6. Avoidance of "duplicative litigation"

(<u>R.R. Street & Co., Inc. v. Transport Ins. Co.</u>, 656 F.3d 966, 975-76 (9th Cir. 2011); <u>Dizol</u>, 133 F.3d at 1225)

There is no question that the parties' claims can be adjudicated in state court, that all necessary parties were joined in state court originally and that those parties are subject to process.

The question of whether this matter involves the "needless determination of state law issues" weighs in Plaintiffs' favor. There is no federal question at stake here; the only issues are state law issues. Federal courts have recognized that "needless determination of state law issues

alone may support remand." R.R. Street, 656 F.3d at 975 (citing Huth v. Hartford Ins. Co. of the Midwest, 298 F.2d 800, 802-04 (9th Cir. 2002)).

Two Ninth Circuit cases have recognized that, especially in the area of insurance law, the scales tip in favor of state court determination: Continental Casualty Co. v. Robsac Industries, 947 F.2d 1367, 1371 (9th Cir. 1990)("… this case involves insurance law, an area that Congress has expressly left to the states through the McCarran-Ferguson Act") and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir. 1995)("…'[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations;'" *quoting* Allstate Ins. Co. v. Mercier, 913 F.2d 273, 279 (6th Cir. 1990)).  Furthermore, as the Robsac court noted, "[w]here, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir.  Thus, the Brillhart policy of avoiding unnecessary declaration of state law is especially strong here." 947 F.2d at 1371.

Plaintiffs argue that this case presents novel issues of first impression in Washington insurance law, and that Washington should be given the opportunity to develop its own law in these areas.  Defendant calls the legal issues "routine," but its characterization of them as merely questions of "contract interpretation" and "reasonableness" is an oversimplification (Defendant certainly cites no cases where Washington courts have interpreted insurance contracts or the reasonableness of an insurer's behavior under these facts).  But ultimately, "novelty" is not a factor cited by any of the precedential authorities and thus not a factor which weighed in the Court's determination.  It is sufficient to find that the involvement of the federal court would entail a "needless" determination of state law.

The "forum shopping" factor appears to favor neither party. The Huth court noted that, in a situation where one party prefers to litigate in state court while the other party prefers to litigate in federal court, the "forum shopping" analysis favors neither party. 298 F.3d at 804.

The "duplicative litigation" factor – which looks to whether there are parallel proceedings in state court -- would seem to be absent in this case, and thus favor the retention of the lawsuit here. Defendant goes to great pains to point out the number of "discretionary decline" cases (beginning with the seminal case, Brillhart) which were decided on exactly this issue, and ACIC argues that the holdings of many of those cases are inapplicable here precisely because this is the sole litigation between these parties.

But the Brillhart doctrine has evolved beyond the simple "two parallel cases" scenario to encompass a variety of factors and circumstances. Indeed, in Huth the Ninth Circuit upheld a decision declining to hear a removed declaratory lawsuit despite the fact that there was no state litigation pending at the time (because, like here, the state action had been removed to federal court). The appellate court rejected the insurance company's argument that the absence of a pending state action precluded the district court from declining discretionary jurisdiction, observing that "there are other factors the district court must weigh." 298 F.3d at 802-03.

While it is not central to the Court's analysis or ultimate determination, there is a strong argument to be made that the underlying rationale of the "duplicative litigation/parallel cases" factor is satisfied here, where there was a pending state action which was wiped out by Defendant's decision to remove to federal court. A theme in several of the recent Ninth Circuit opinions regarding the exercise of the discretion to decline to hear declaratory actions has been whether the federal lawsuit in question is "reactive;" i.e., whether there was a preceding piece of litigation in response to which the federal action was filed. See Dizol, 947 F.2d at 1372-73;

Huth, 298 F.3d at 804; R.R. Street, 656 F.3d at 976.  That rationale certainly fits the situation where a plaintiff first files a declaratory action in state court and the defendant insurance company reacts by removing the matter to federal court.

This decision, however, does not turn on this possible extension of the law concerning the court's discretion in this area.  The Court bases its ruling on the Brillhart factors (all claims can be adjudicated in state court, all necessary parties joined and subject to process in state court) and R.R. Street factor of avoiding "needless determination of state law issues."

Motion to dismiss

Defendant argues that "[i]f, however, the Court is inclined to consider exercising discretion to remand, the Court must first reach the merits of Defendants' Motion to Dismiss…" Response, p. 8.  In support of this argument, Defendant cites Countrywide Home Loans Inc. v. Mortgage Guaranty Ins. Corp., 642 F.3d 849 (9th Cir. 2011), where the Ninth Circuit reversed an order of remand because the district court failed to consider the insurer's motion for stay pending arbitration before remanding the case to state court.  Similar to the facts of this case, an insured had filed a declaratory relief action in state court which the insurer had removed to federal court.  Following the insured's motion to remand, the insurer filed a motion to stay pending arbitration under § 3 of the Federal Arbitration Act (FAA, 9 U.S.C. § 1 *et seq*.).  The district court granted the motion to remand and denied the motion to stay without prejudice to re-file it in state court.

The court in Countrywide took great pains to explain that, while the DJA gave the district courts the discretion to decline to exercise a "conferred remedial power," it did nothing to modify the court's *jurisdiction*, which exists independent of the DJA.  Since jurisdiction was proper (by virtue of the removal) and the FAA gave the court no discretion as to whether to

award relief pursuant to its statutory scheme, the court was required to reach the merits of the insurer's motion to stay before it remanded the suit back to state court. Id., 853-55. The Ninth Circuit held that

> [t]he appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief; that is, claims that would continue to exist if the request for a declaration simply dropped from the case.

Id. at 855 (quoting Snodgrass v. Provident life and Accident Ins. Co., 147 F.3d 1163, 1166-68 (9th Cir. 1998)). As the Countrywide court pointed out, the insurer could have sought to compel arbitration independent of their insured's lawsuit. That is not the case here.

The instant case is distinguishable from Countrywide; in making "the appropriate inquiry," the Court finds that Defendant's motion to dismiss would <u>not</u> "continue to exist if the request for a declaration simply dropped from the case." Plaintiffs have no other request than that for declaratory relief (their complaint states only that they "pray for declaratory relief… [and] [f]or such other and further relief under RCW 7.04 [Uniform Declaratory Judgments Act] as the facts may show, or further equitable relief as the Court may deem just and equitable;" Complaint, p. 9). Defendant's motion to dismiss is solely concerned with their complaint requesting declaratory relief.

Defendant makes an argument that this is more than just a declaratory relief action because Plaintiffs reserve the right to bring IFCA claims, which are usually adjudicated in federal court. This is not persuasive. There is no authority cited for this proposition and the fact remains that, with the declaratory request removed, there would be no claims in this case. Countrywide is inapplicable to these facts and the Court is not required to rule on Defendant's motion to dismiss prior to remanding this matter to state court. Accordingly, that motion will be dismissed without prejudice to re-file in state court upon remand.

Motion to strike

Defendant seeks to strike large portions of Plaintiff's recitation of the facts. The Court finds the motion to be moot. The Court relied exclusively on the allegations and claims of Plaintiff's complaint in reaching this decision, as it is entitled to do. *See* Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985)(" *On the face of the pleadings in this case*, there is a substantial question concerning the plaintiff's citizenship at the time of removal;" emphasis supplied); McPhail v. Deere & Co., 529 F.3d 947, 955-56 (10th Cir. 2008)("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal … *The court made this determination by '[r]eading the face of the complaint,'* even though it did 'not specify the numerical value of the damage claim;'" emphasis supplied, citation omitted).

The Court's determination herein was made without reference to facts as alleged in Plaintiffs' motion; the request to strike portions of those facts is moot.

**Conclusion**

The Court finds that the Brillhart and R.R. Street factors support the exercise of its discretion to decline the request to rule on the state law questions at issue in Plaintiffs' declaratory action. Nor, in so exercising its discretion, is the Court required to rule on Defendant's pending motion to dismiss. Defendant's FRCP 12(b) motion is dismissed without prejudice and this matter is remanded to state court for further action.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 16, 2011.

Marsha J. Pechman
United States District Judge